**In the Matter of Terry J. RECORD, Respondent.**

**No. 82S00–0904–DI–169.**

Supreme Court of Indiana.

Sept. 29, 2009.

*PUBLISHED ORDER ACCEPTING CONSENT TO DISCIPLINE AND IMPOSING DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed "Verified Complaint for Disciplinary Action" against Respondent. Respondent has tendered to this Court an affidavit of consent to discipline, pursuant to Indiana Admission and Discipline Rule 23(17), acknowledging that the material facts alleged in the complaint are true and consenting to discipline to be determined by this Court. Having reviewed the complaint and the affidavit, the Court concludes that Respondent engaged

in professional misconduct and imposes discipline on Respondent.

**Facts:** On May 6, 2007, Respondent drove his vehicle through a red light and collided with another vehicle. The other driver died of injuries he sustained. Respondent pled guilty on April 15, 2009, to operating a motor vehicle while intoxicated causing death, a class C felony. He was sentenced to four years—two executed and two suspended—with four years of probation following the executed sentence.

On June 11, 2009, the Court entered an order of interim suspension under Admission and Discipline Rule 23(11.1)(a) based on Respondent's being found guilty of a crime punishable as a felony. The suspension took effect June 26, 2009, and is still in effect. The Commission filed a Verified Complaint on June 23, 2009. Respondent submitted an "Affidavit of Consent to Discipline" on July 28, 2009, admitting to the charged misconduct. Although the sentencing report in the criminal case indicates Respondent has sought counseling and rehabilitation, Respondent provided this Court with no details on this subject.

**Violation:** Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least 24 months, without automatic reinstatement, beginning the date of this order.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney,

and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). If reinstatement is sought, it would likely be granted only with the involvement of and monitoring by the Indiana Judges and Lawyers Assistance Program.

The costs of this proceeding are assessed against Respondent. Any hearing officer appointed in this case is discharged.

All Justices concur.